The Chief Justice
delivered the opinion of the court.
Samuel Lyon, |sen. having conveyed to his sons Hezekiah Lyon and John Lyon, and his son-in-law James Ross, a part of his claim of land, and intending to give a part of the same claim to his sons Richard and Samuel: Hezékiah Lyon, John Lyon, and James Ross, on the 11th of September, 1802, executed their obligation to Samuel Lyon, sen. to make his sons Richard and Samuel equal to them *309 selves' in case the part intended for Richard and Samuel should bVjost or taken by another claim. '•
If a .joint* obligation on ouji ajioi three ⅛>«-signed so as ,1™'1.1⅛ 0f recovery to one only, mme of the obligee, ⅞ must be bro’t against all & himwhose liability is assigned, ⅛ judgment may be so modified as liability isas-signed, to his 0⅛6' damages.
Samuel Lyon, sen. together with his sons, Richard and Samuel, afterwards assigned to Joel Prewit all their right and interest in the obligation as against James Ross. And a part of the land intended for Richard and Samuel, having been taken by a superior adverse claim, Prewit brought suit upon the obligation in the name of Samuel Lyon, sen. against the obligors. The suit having abated as to Hezekiah Lyon, the other defendants demurred to the declaration, and the court below sustained the demurrer, and gave judgment for the defendants, upon the ground that the obligation was a several one, and that the action should have been brought by Prewit in his own name against Ross only. But the case being brought to this court, the judgment was reversed, and the cause remanded for new proceedings tp the circuit court, where a judgment Was obtained against the defendants, John Loyn and James Ross, for the entire damages due upon the obligation, and from that judgment Ross bas appealed to this court.
The only point deemed material to be considered1, grows out of a bill of exception taken to the opinion of the court below, in refusing to instruct the jury to find against Ross}° only, the proportion of damages he might be accountable for; the plaintiffs and defendants consenting thereto.
On this point we are of opinion the court below erred. It is clearfrom the terms of the assignment to Prewit, that it was the intention of the assignee to limit his right,to recover from Ross only his ratable proportion of the ges. The obligation, however, being joint, as was formerly held by this court, Prewit could not bring a suit in his own name against, Ross only, but vyas compelled to bring it in the name of the original obligee against the whole of the ohli-gors, and in doing this, a court of law would and ought tp protect Prewit, so far as it was necessary to effectuate his right of recovery against Ross, but we apprehend no ■ther. And as the parties to the suit would have had a right by their consent (if Prewit’s interest had not been involved in the case) to have had the verdict and judgment modified, as, was required by them, and as it is clear that such a modification of the verdict and judgment, when consented to by the parties to the record, could noLarejudice Prew-it’s rights, we can see no objection, eitherifp reason or law, to its having been-made.
Talbot for appellant, Haggin for appellee.
The judgment must be reversed with cost, and ¿um 'rc, manded for new proceedings, not inconsistent with the foregoing opinion.